### SUTORIUS *v.* DUNSTAN.

*(Superior Court of New York City, General Term.* March 2, 1891.)

UNDERTAKING ON ARREST—LIABILITIES.

Code Civil Proc. N. Y. § 559, providing for an undertaking with sureties to procure an order of arrest "that if the defendant recovers judgment, or if it is finally

decided that the plaintiff was not entitled to the order of arrest, the plaintiff will pay all costs which may be awarded to the defendant, and all damages which he may sustain by reason of the arrest, not exceeding" the sum of $250, means that "all costs" and "all damages" shall be taken in conjunction; and, where costs have been paid to the extent of the sum specified in the undertaking, the sureties are not further liable for damages.

Appeal from special term.

Edward Sutorius sued Eugene W. Dunstan. Appeal by plaintiff from a final judgment for defendant on demurrer to complaint.

Argued before SEDGWICK, C. J., and TRUAX, J.

*Charles Stewart Davison*, for appellant.  *Daniel D. Sherman*, for respondent.

PER CURIAM. The complaint charged the defendant as one of the sureties upon an undertaking given to procure an order of arrest. It was averred that in the action in which the order was granted there was a judgment for costs for the defendant for a sum greater than $250, and that such judgment was paid. On the argument it is not denied that this payment inured to the benefit of the surety, the defendant; but it is claimed that he remained liable to pay damages which the plaintiff sustained by reason of the arrest, not exceeding $250, and the action is to recover the damages to that extent. The undertaking follows the words of section 559, Code Civil Proc. The undertaking of the surety is "that, if the defendant recovers judgment, or if it is finally decided that the plaintiff was not entitled to the order of arrest, the plaintiff will pay all costs which may be awarded to the defendant, and all damages which he may sustain by reason of the arrest, not exceeding" the sum of $250. The wording is such that the meaning may be obscure, yet, on the whole, it should be held that the sum specified is intended to describe the limit of the liability of the surety. To make such a provision practically effective in protection of the person arrested there should be a surety, or a party that possesses means enough to fulfill the undertaking, and a method prescribed for ascertaining the means. It has always been the practice to require some kind of proof on this subject. Section 812, Id., requires that a bond or undertaking executed by a surety must be accompanied by his affidavit to the effect that he is worth the penalty of the bond, or the sum specified in the undertaking, etc. There is an intent to place the penalty, if it be a bond, on the level with the sum specified in the undertaking. It is evident that the latter is a sum in which the surety undertakes. There is no reason for excluding from the justification a test of sufficient means to pay costs, and yet this would be the result if the sum specified referred only to damages. These considerations guide us to the result that the section intends that all costs and all damages shall be taken in conjunction, and that to them together shall be applied the words "not exceeding the sum specified in the undertaking." As on the argument it is conceded that the defendant has upon his undertaking the benefit of the payment of costs to the extent of $250, he is not further liable upon the undertaking for the damages from the arrest. Judgment affirmed, with costs.